IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM LANHAM,

    Petitioner,

v.                                                                                               No. 1:19-cv-01064-JDB-jay
                                                                                              Re: 1:15-cr-10038-JDB-1

UNITED STATES OF AMERICA,

    Respondent.


ORDER DIRECTING EXPANSION OF THE RECORD,
RELEASING TRIAL COUNSEL FROM THE ATTORNEY-CLIENT PRIVILEGE,
AND
SETTING SCHEDULE FOR SUPPLEMENTAL BRIEFS

Petitioner, William Lanham,[1] has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) The inmate asserts four grounds for relief and argues that he is entitled to an evidentiary hearing on his claims. For the following reasons, the Court ORDERS an expansion of the record as to Claim 1A, RELEASES trial counsel from the attorney-client privilege, and SETS a schedule for supplemental briefs.

BACKGROUND

On May 29, 2015, Lanham made an initial appearance in the Western District of Tennessee on a criminal complaint that was lodged against him two days earlier. (*United States v. Lanham*, Case No. 1:15-cr-10038-JDB-1 (W.D. Tenn.) ("No. 1:15-cr-10038-JDB-1"), D.E. 5, 8.) The Federal Public Defender's Office was appointed to represent him. (D.E. 10.) On June 15, 2015, a federal grand jury returned a four-count indictment charging Defendant with transporting a minor

---

[1]The Court will refer to Lanham as the "Defendant" in its discussion of the underlying criminal case.

1

interstate with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) and production of child pornography and transporting and possessing child pornography in contravention of 18 U.S.C. §§ 2251(a), 2252(a)(4)(B), and 2252(a)(1), respectively. (D.E. 17.) The Court subsequently granted Lanham's motion for substitution of counsel and Attorney A. Russell Larson was retained to represent him. (D.E. 34.)

Apart from routine scheduling requests, counsel did not file any pre-trial motions. The case proceeded to trial in November 2016. Among other witnesses, the Government called Deputy Michael Lockhart from the Benton County, Tennessee, Sheriff's Department to testify to two interviews of the Defendant he conducted on May 10 and 12, 2014. Lockhart testified that, in the late hours of May 9, 2014, he approached Lanham outside his residence as he returned home after having been gone for several days. The officer "asked" Petitioner to come to the station to answer questions about images and texts relating to the minor victim and Petitioner "agree[d]" to do so. (*Id.*, D.E. 106 at PageID 445-46.) Lockhart stated that he "told [Lanham] that [he] would give him a ride" to the station because Lanham "didn't feel comfortable or didn't want to drive [his] semi truck." (*Id.*, D.E. 106 at PageID 446.) During the unrecorded interview that ensued in the early hours of May 10, 2014, Lanham gave incriminating statements and initialed the written versions of those statements. Lockhart testified that the Defendant agreed to a search of his cellphone and his truck. He explained that, after he received Lanham's consent to search the phone, he "pow[ered] on the phone," "[w]ent into the settings," and obtained the phone's serial number. (*Id.*, D.E. 107 at PageID 620.) He then used the serial number in his application for a search warrant for the phone, which he successfully secured. The search of the phone made pursuant to the warrant revealed incriminatory text messages between Lanham and the minor victim, as well as incriminatory photographs. One of the text messages referenced the Defendant's use of a penis

pump. A penis pump was discovered during the search of the truck. Lockhart further testified that Lanham told him and another officer at the videotaped May 12 interview that he "didn't forcibly rape her, that she wanted it . . . [a]nd that she was trying to get on top of him and he had to force her off." (*Id.*, D.E. 106 at PageID 459.) Lockhart indicated that, at both interviews, he read Lanham his *Miranda* rights and that the Defendant waived his rights each time. The signed waiver forms were admitted into evidence.

Defendant testified in his own defense. He denied that he had had sex with the victim or took photos of her and he opined that his ex-wife created the text messages and images on his cellphone. On cross-examination, he was asked whether Lockhart had "forced [him] to give [incriminating] answers." (*Id.*, D.E. 108 at PageID 857.) He replied that the officer told him what to say and that he initialed the written statements as a way of "provok[ing]" or "instigating" Lockhart with false information in response to Lockhart's alleged failure to "listen" to his protestations of innocence. (*Id.*, D.E. 108 at PageID 857.)

The jury returned guilty verdicts on all counts. On March 7, 2017, the undersigned sentenced Defendant to 420 months' incarceration, to be followed by a five-year term of supervised release. (*Id.*, D.E. 97.)

Lanham appealed. (*Id.*, D.E. 99.) His appointed appellate attorney was Amy Lee Copeland. Because counsel concluded there were no meritorious grounds for appeal, including with respect to any suppression issues, she filed a motion to withdraw her representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Upon review of the record, the Sixth Circuit noted "that trial counsel preserved very few issues for appeal" and filed "no pre-trial motions." (*Id.*, D.E. 129 at PageID 1678, 1683.) In particular, "counsel [did not] move to suppress incriminating statements that Lanham made to investigators" and "did not assert any error in the

3

search of [Lanham's] cellphone or of his tractor-trailer." (*Id.*, D.E. 129 at PageID 1678-79.) The court reviewed the trial evidence and found that "no non-frivolous issue[s]" could be raised regarding the sufficiency of the evidence or "in connection with the admission of [the Defendant's] statements or the evidence recovered as a result of his admissions." (*Id.*, D.E. 129 at PageID 1679.) The court therefore granted appellate counsel's motion to withdraw her representation and affirmed the convictions and sentence. In closing, the court noted that "any claims regarding the ineffective assistance of counsel would be properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, 'where the record regarding counsel's performance can be developed in more detail[.]'" (*Id.*, D.E. 129 at PageID 1683 (quoting *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006).)

## DISCUSSION

Lanham filed the Petition on March 28, 2019, and signed it under penalty of perjury. He asserts that trial counsel was ineffective for failing to file a motion to suppress the evidence seized from his truck and cell phone, as well as his incriminatory statements (Claim 1A).[2] In support, he alleges that he did not agree to have Lockhart search his truck or power up and scroll through his phone. He also avers that he "told Deputy Lockhart that he did not want to speak to him without counsel and wished to end the questioning."[3] (D.E. 1 at PageID 25.) He insists that he was in custody prior to *Miranda* warnings being given at the first interview because Lockhart approached him at nearly midnight on May 9, 2014, told him "he had to go" to the police station, "plac[ed]

---

[2] For clarity, the Court has renumbered the claims.

[3] Even when a "suspect effectively waives his right to counsel after receiving the *Miranda* warnings," if he "requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." *Davis v. United States*, 512 U.S. 452, 458 (1994) (citing *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981)).

[him] into the back seat of the patrol car," and "never told [him] that he could leave or decline to go with" him. (*Id.* at PageID 16 (brackets omitted).) He also alleges that he was "coerced into signing a *Miranda* waiver as well as threat[en]ed to continue [with the] questioning."[4] (*Id.* at PageID 25.) Petitioner avers that he told trial counsel about these circumstances and that counsel ignored his request that a suppression motion be filed. The inmate further maintains that appellate counsel rendered ineffective assistance by failing to submit a merits brief on any suppression issue (Claim 1B). In Claim 2, he asserts that trial counsel was ineffective for failing to move to dismiss one count of the indictment as duplicitous, and in Claim 3 he challenges counsel's failure to move for an acquittal based on insufficient evidence. He also insists that trial counsel's alleged ineffective assistance in failing to file a suppression motion and to challenge the indictment deprived him of due process (Claim 4). On February 20, 2020, Respondent, the United States of America, filed an answer to the Petition. (D.E. 11.) The answer was not accompanied by an affidavit from trial counsel. Regarding Claim 1A, Respondent argues that a suppression motion would not have been viable and that trial counsel therefore did not provide ineffective assistance by failing to file one. In response to Claim 1B, the Government maintains that appellate counsel was not ineffective for filing an *Anders* brief because nothing in the trial court record revealed an arguable suppression issue. Respondent contends that the remaining claims are also without merit. Petitioner filed a reply, insisting that he is entitled to an evidentiary hearing on his claims. (D.E. 16.)

---

[4] Petitioner's specific allegation—*i.e.*, that he was threatened to continue the interview—immediately follows his conclusory averment that he was coerced into waiving his *Miranda* rights. Although the allegations are joined by the conjunctive phrase "as well as," the Court liberally construes the specific factual assertion as support for the conclusory allegation of coercion.

5

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). However, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A court may, in its discretion, order an expansion of the record. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 7(b) ("[T]he judge may direct the parties to expand the record by submitting additional materials relating to the motion.")

An expansion of the record in the present matter is warranted because the evidence and documents from the underlying criminal case do not conclusively show that a suppression motion would not have been viable or that counsel was not ineffective for failing to file one. Lanham's allegations that he did not agree to the searches, that he invoked his right to counsel during the interviews, and that he was coerced through threats into signing the *Miranda* waivers have "the same force and effect" as averments presented in an affidavit because he signed the Petition under penalty of perjury. *Napper v. United States*, No. 19-5166, D.E. 9-2 (6th. Cir. July 31, 2019) (citing *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) ("A verified motion to vacate has the same force and effect as an affidavit.").) Notably, there is nothing in Lanham's trial testimony that is directly contrary to these allegations, as he was never asked about whether he was threatened into waiving his *Miranda* rights, agreed to the searches, or invoked his right to counsel.[5] An

---

[5]As mentioned herein, Petitioner testified on cross-examination that Lockhart told him what to say at the May 10 interview, and that he placed his initials next to the written incriminatory statements because he wanted to provoke the officer. Contrary to Respondent's assertion (*see* D.E. 11 at PageID 60), that testimony does not directly contradict Lanham's averments in the present matter that he was threatened into waiving his *Miranda* rights, that he did not agree to the property searches, and that he asked for an attorney but the questioning continued. His testimony therefore

affidavit from trial counsel should shed light on what Lanham told him; what further investigations, if any, counsel conducted; and his reasons for not filing a suppression motion.

Expansion of the record is also warranted because the Government relies on evidence not currently in the record to support two of its arguments. The first of those contentions is that, even if Petitioner did not consent to Lockhart's initial search of his phone, law enforcement subsequently secured a search warrant. The Court assumes that Respondent is arguing the application of the independent-source doctrine. "This doctrine holds that evidence will be admitted if the government shows that it was discovered through sources wholly independent of any constitutional violation." *United States v. Chapman-Sexton*, 758 F. App'x 437, 440 (6th Cir. 2018) (quoting *United States v. Jenkins*, 396 F.3d 751, 757 (6th Cir. 2005)), *cert. denied*, 139 S. Ct. 2731 (2019) (internal quotation marks omitted). Therefore, "evidence obtained pursuant to a search warrant that relied, in part, on unlawfully obtained information may nevertheless be admissible under the . . . doctrine." *Id.* "[I]f the application for a warrant 'contains probable cause apart from the improper information, then the warrant is lawful and the independent source doctrine applies[.]" *Id.* at 441 (quoting *Jenkins*, 396 F.3d at 758). In the present matter, the Government has not submitted a copy of the affidavit supporting the warrant. The Court therefore cannot determine whether the search warrant renders irrelevant Petitioner's allegation that he did not consent to Lockhart's initial search of the phone.

The second instance in which the Government relies on evidence not in the record concerns the videotaped interview of Lanham held on May 12, 2014. Respondent argues that trial counsel's decision not to file a suppression motion was reasonable in part because he "was . . . able to watch

---

does not render his allegations "inherently incredible" or belied by the record. *Valentine*, 488 F.3d at 333.

7

the recorded interview and see Petitioner sign a [*Miranda*] waiver[] and speak freely and voluntarily with investigators—something that no doubt factored into his decision to not file a motion to suppress the statement." (D.E. 11 at PageID 65.) According to the Government, "[c]ounsel would also have seen Petitioner's demeanor as he told the interviewers several times that he 'didn't rape her. . . I never held her down and forced myself into her.'" (*Id.*) Respondent surmises that "[a]ll of this no doubt factored into counsel's overall strategy and his determination that filing a motion to suppress the statement would be unsuccessful[.]" (*Id.*) The Government has not, however, produced a copy of the video recording or an affidavit from trial counsel describing the interview, explaining what investigations he undertook, and what reasons he had for not filing a suppression motion. Respondent's speculation about counsel's investigations and decision making is not a proper basis for denying § 2255 relief.

In sum, the record as currently developed does not conclusively show that trial counsel conducted an adequate investigation into possible suppression issues, that he reasonably chose not to file a suppression motion, or that such a motion would not have been viable. An expansion of the record may serve to narrow the issues for which a hearing might be required or obviate the need for one entirely. *See George v. United States*, Criminal Action No. 5:12-CR-00031-TBR, 2014 WL 4639902, at *1 (W.D. Ky. Sept. 16, 2014) ("Based upon the expanded record, the Court shall then determine whether an evidentiary hearing is necessary and, if not, deny the request for evidentiary hearing and proceed to a consideration of the merits of the motion to vacate.").

Respondent is therefore ORDERED to file, within twenty-eight days of entry of this order, (1) a copy of the search warrant for Petitioner's cell phone and the affidavit submitted in support of the warrant, (2) a copy of the May 12, 2014, interview video, and (3) an affidavit from trial

counsel addressing, at minimum, all aspects of Claim 1A.[6]  Respondent shall provide two DVDs or other digital copies of the video recording to chambers, and shall place on the docket a notice of submission of the recording.

At the time it files the required materials, the Government shall submit a supplemental answer.  Petitioner may file a supplemental reply within twenty-eight days of service of Respondent's submissions.  If the inmate needs additional time to reply, he must file a motion for an extension of time on or before the due date of the reply.

IT IS SO ORDERED this 19th day of November 2021.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[6] It is ORDERED that Attorney Larson is RELEASED from the attorney-client privilege to the extent he submits an affidavit and such other documents as may be necessary for resolution of Petitioner's claims.  All other matters shall remain privileged.